**THE KNIGHT LAW GROUP**
**Noel Knight, Esq., SBN# 223821**

800 J Street, Suite 441
Sacramento, CA 95814
Telephone - (510) 435-9210
Facsimile - (510) 281-6889

lawknight@theknightlawgroup.com

Attorneys for the Debtor...GREGORY LAMONT BELCHER, MD

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>GREGORY LAMONT BELCHER,<br><br>    Debtor.<br>_____ / | Case No. 18-50909-MEH-11<br><br>Chapter 11<br><br>**DEBTOR'S MOTION TO EXTEND THE AUTOMATIC STAY**<br><br><u>Proposed Hearing Information:</u><br><br>Date:    May 21 or 22, 2018<br>Time:    10:00 a.m.<br>Place:    U.S. Courthouse<br>            280 S. First Street<br>Court:   3020<br>Judge:  Hon. M. Elaine Hammond |

GREGORY LAMONT BELCHER, debtor in the above-captioned Chapter 11 proceeding ("Debtor"), hereby moves this Court, by and through his counsel of record, for the entry of an Order extending the automatic stay as to all creditors in this proceeding pursuant to 11 U.S.C. § 362(c)(3)(B).

In support of this motion, Debtor respectfully represent as follows:

1

# PREFACE

**YOUR HONOR**: The fundamentals and request are as follows...

1. Debtor is requesting an Extension pf Automatic Stay in order to protect his primary residence at 22000 Dorsey Way, Saratoga;

2. This residence possesses sufficient equity above current debt and is integral to a successful reorganization; not only can the Debtor support Chapter 11 payments but he is in the process of selling the property and needs sufficient time to do so; such a sale being to the benefit of all the creditors in this matter, particularly the unsecured.

4. Debtor is now represented by counsel and can sustain his Chapter 11 through all upcoming proceedings.

5. The Debtor requests Ex Parte time with your docket on either May 21 or 22; with his current Stay expiring on May 24.

## I. STATEMENT OF FACTS

1. Debtors filed their current petition for Chapter 11 bankruptcy protection on April 24, 2018 (the "Petition Date").

2. Within 12 months prior of the Petition Date, Debtor was involved in another related Chapter 11 bankruptcy proceeding that was dismissed within such time period (Case No: 17-52528). No.17-52528 case was dismissed on November 9, 2017, due to unfamiliarity with the federal bankruptcy process, lack of representstion, and resulting failure to file supplemental documents.

3. As provided in 11 U.S.C. § 362(c)(3)(A), the automatic stay in this case terminates with respect to Debtors on the 30th day after the filing of this case, unless it is extended by order of the Court.

4. Debtor requires bankruptcy protection in order to not only repay the arrears on his mortgage for the property located at 22000 Dorsey Way, Saratoga, California, but also to provide sufficient time to sell the property at an anticpated **FMV** of **$5,000,000**; well in excess of current debt stationed at around $4,000.000.

   If Debtor is unable to repay such arrears or sell the property through a Chapter 11 plan, the residence could be lost to foreclosure.

5. Debtor is a medical doctor with a successful practice located in Palo Alto and Debtor believes that he will have sufficient disposable income to fund a Chapter 11 plan in which they repay the arrears on the mortgage for their residence as well as other debts.

## II. DISCUSSION

Pursuant to 11 U.S.C. § 363(c)(3)(B), the Court may extend the automatic stay after notice and hearing within the 30 day period following Debtor's bankruptcy petition date, if Debtor demonstrates that the filing of the later petition is in good faith as to the creditors to be stayed. Courts have found good faith under Bankruptcy Code Section 363(c)(3)(B) in situations where a first bankruptcy proceeding was dismissed as a result of circumstances beyond a debtor's control. See *In re Philips*, 336 B.R. 818, 820 (Bankr. E.D. Okl. 2006) (finding that a second bankruptcy filed in one year was filed in good faith where the previous case was dismissed because of the debtor's failure to make plan payments as result of a divorce and loss of a job). Debtor's situation here is clearly analogous to that of *Philips,* in that his previous bankruptcy case was dismissed due to lack of bankruptcy knowledge and counsel representation (these being circumstances beyond his control).

With the present bankruptcy, Debtor is now represented by counsel and will have the support to see the case through to submission of a viable Chapter 11 Plan.

WHEREFORE, Debtors pray that the Court enter an Order extending the automatic stay as to all creditors pursuant to 11 U.S.C. § 363(c)(3)(B).

**THE KNIGHT LAW GROUP**

Dated: May 16, 2018  By: /s/ Noel Knight
NOEL KNIGHT, Attorney for
Debtor Gregory L. Belcher