MACDONALD | FERNANDEZ LLP
RENO F.R. FERNANDEZ III (SBN 251934)
221 Sansome Street, Third Floor
San Francisco, CA 94104-2323
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Secured Creditor,
Dakota Note, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>GREGORY LAMONT BELCHER,<br><br>Debtor. | Case No. 18-50909-MEH-11<br><br>Chapter 11<br><br>**DAKOTA NOTE, LLC'S LIMITED OBJECTION TO APPLICATION TO EMPLOY RAMIN BIHALA & GREGORY QUILTY AS BROKER/REALTORS FOR THE DEBTOR AND THE BANKRUPTCY ESTATE**<br><br>Date: July 12, 2018<br>Time: 10:30 am<br>Place: 280 South First Street<br>Courtroom 3020<br>San Jose, California<br><br>Honorable M. Elaine Hammond |

**COMES NOW** Dakota Note, LLC, Secured Creditor herein, opposing the Debtor's Ex Parte [sic] Application to Employ Ramin Bihala & Gregory Quilty as Broker/Realtors for the Debtor and the Bankruptcy Estate filed on June 24, 2018 (Docket No. 58) (the "Application"), and respectfully represents as follows:

### *Status of Prison Sentence*

1. Dr. Gregory Lamont Belcher, M.D., Debtor in Possession herein, has been sentenced to a prison sentence of twelve months and one day plus three years' probation for making false statements relating to health care matters. A copy of the underlying judgment is attached as

1

Exhibit "A" to the Request for Judicial Notice (Docket No. 15) filed in support of Dakota Note, LLC's Motion to Dismiss or Convert Case (Docket No. 14).

2. The Debtor's sentence was to commence June 6, 2018. The Debtor moved for release pending appeal and to stay his surrender date, and both motions were denied by orders entered on May 24, 2018. However, the Debtor's surrender date was temporarily stayed pending hearing on his motion for bail before the United States Court of Appeals for the Ninth Circuit, which has been briefed but not set for hearing. See the Request for Judicial Notice filed in support hereof.

3. The Debtor has not explained how he will administer this case when his prison sentence begins.

### *Objection to Half-Year Exclusive Listing Period*

4. This is the third chapter 11 bankruptcy case the Debtor has caused to be commenced within approximately six months. The first was commenced on October 18, 2017, and dismissed on November 9, 2017 (Case No. 17-52528-SLJ-11).

5. Accordingly, the Debtor has delayed a trustee's sale for approximately nine months.

6. The listing agreement submitted with the Application provides an exclusivity period running on December 31, 2018, which will be more than one year since the Debtor began his campaign of frustrating Dakota Note's collection efforts.

7. Dakota Note brings this limited objection because the exclusivity period is too long. In order to remain in chapter 11 under the circumstances, the Debtor should be required to sell the real property in a matter of weeks and not half a year. If the proposed brokers are unable to sell the property within a few weeks, the Debtor needs to be able to replace them quickly without waiting until next year for the exclusivity period to run.

### *Rather than Employ a Broker, the Court Should Decline to Extend the Automatic Stay*

8. Dakota Note further objects that, rather than approve employment of a broker, the

Court should decline to extend the automatic stay or dismiss this case.

9. The automatic stay should not be further extended. On May 24, 2018, the Court ordered that the automatic stay be extended through July 12, 2018 (Docket No. 37). The Debtor has not filed a motion to further extend the automatic stay.

10. Bankruptcy Code Section 362(c)(3)(B) provides that the limited 30-days' automatic stay in a serial-filer case can be extended only if the Debtor proves the later case was filed in good faith. Bad faith is presumed if "there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal…." 11 U.S.C. § 362(c)(3)(C)(i)(III). The presumption may be overcome only by clear and convincing evidence. Where the prior case was dismissed for failure to file required documents, as here, the Debtor must provide a "substantial excuse," and "mere inadvertence or negligence shall not be a substantial excuse…." 11 U.S.C. § 362(c)(3)(C)(i)(II)(2)(aa). Subsections "II" and "III" of the statute are disjunctive; in order to overcome the presumption of bad faith, the Debtor must prove by clear and convincing evidence that there was a substantial change in the Debtor's circumstances *and* that there is a substantial excuse for the prior dismissal other than mere inadvertence or negligence.

11. Here, the Debtor's sole explanation for dismissal of the first case is that he had no counsel and was personally unaware of the requirements. This excuse is disingenuous, though, because the Court entered and served upon the Debtor an order spelling out the documents that needed to be filed and notifying the Debtor that the case would be dismissed if the documents were not filed by the deadline provided therein (see Docket No. 3 in Case No. 17-52528). In any event, filing a petition while neglecting to educate oneself about the bankruptcy process or consult counsel is not a substantial excuse.

12. Moreover, the debtor did have counsel in the second case, *In re Ivy League Consultants LLC* (Case No. 18-50672-MEH-11), namely Noel Knight, who is the Debtor's present counsel. A trustee's sale of Dakota Note's collateral was set for March 29, 2018, but based upon

3

Mr. Knight's representations that the property was transferred to Ivy League Consultants and that it was also a lender secured by a junior lien against the property, Dakota Note continued the sale to April 30, 2018.  The case was ordered dismissed for failure to file required documents on April 13, 2018, and the case was closed on May 2, 2018.  As it turned out, the property was never transferred to Ivy League Consultants, the Debtor scheduled no transfer to or lien in favor of Ivy League Consultants (see Amended Schedule D; Docket No. 22), and Mr. Knight's representations were false.

13. The Debtor's only attempt to argue changed circumstances is as follows:

> Debtor is a medical doctor with a successful practice located in Palo Alto and Debtor believes that he will have sufficient disposable income to fund a Chapter 11 plan in which [he will] repay the arrears on the mortgage for [his] residence as well as other debts.

See the Debtor's Motion to Extend the Automatic Stay (Docket No. 25), 2:7-10.  However, the Debtor does not explain how he will operate a successful practice from prison when his sentence begins next month or how his conviction for making false statements relating to health care matters will impact his practice.  In any event, the Debtor merely reports the status of his circumstances; he does not attempt to argue that they have substantially changed in any way since his first case was filed in November of 2017.

### ***Rather Than Employ a Broker, the Court Should Dismiss the Case***

14. Rather than employ a broker, the case should be dismissed as a bad-faith filing under Bankruptcy Code Section 1112(b)(1).  The Debtor bears the burden of demonstrating that the petition was filed in good faith.  *In re Integrated Telecom Express, Inc.*, 384 F. 3d at 124; *see also In re Fl. Invest USA Inc.*, Case No. 13-10814, 3 (Bankr. E.D. Cal. 2013) (once the movant establishes an issue as to the lack of good faith, the debtor bears the burden of proving that the petition was filed in good faith).  Among the factors supporting bad faith are the aforesaid misrepresentations of facts, the Debtor's manipulations of the Bankruptcy Code and his history of filings and dismissals.  *Leavitt v.*

4

*Soto (In re Leavitt)*, 171 F.3d 1219, 1224 (9th Cir. 1999). In response to Dakota Note's motion to dismiss or convert the case, the Debtor offered no evidence other than an appraisal (Docket No. 39), which does not help explain the prior misrepresentations, manipulations and serial filings.

**WHEREFORE**, Dakota Note prays that:

1. The Application be denied if the automatic stay is not extended;

2. The Application be denied if the within case is dismissed or converted;

3. That the exclusive listing period be shortened to thirty calendar days if the Application is granted, provided that the Debtor may extend the exclusivity period from time to time but not by more than thirty days at a time; and

4. For such other and further relief as is appropriate in the premises.

DATED: June 28, 2018                            MACDONALD FERNANDEZ LLP

                                                By: /s/ *Reno F.R. Fernandez III*
                                                    Reno F.R. Fernandez III,
                                                    Attorneys for Secured Creditor,
                                                    Dakota Note, LLC