**The Knight Law Group**
Noel Knight, Esq., SBN #223821
800 J Street, #441, Sacramento, CA 95814
Tel: 510-435-9210 – cell/text;
Fax: 510-281-6889

lawknight@theknightlawgroup.com

Attorneys for Debtor…Gregory Lamont Belcher

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| IN RE:<br><br>GREGORY LAMONT BELCHER,<br><br>Debtor and (Rightful) Debtor-in-Possession. | Case No: 2018 - 50909<br><br>Chapter 11<br><br>Adversary No.<br><br>**ADVERSARIAL COMPLAINT…**<br><br>1. ORDER SETTING ASIDE SALE AND TRANSFER OF 22000 DORSEY WAY SARATOGA, CALIFORNIA;<br>2. DECLARATORY RELIEF;<br>3. INJUNCTIVE RELIEF;<br>4. RE-ESTABLISHMENT OF AUTOMATIC STAY AS TO 22000 DORSEY WAY, SARATOGA, CALIFORNIA<br>5. UNJUST ENRICHMENT; AND<br>6. DAMAGES RESULTING FROM WRONGFUL FORECLOSURE<br><br>Date/Time: To be Set by Court |

Pursuant to the Verified Complaint as against ("PAUL GREENFIELD ") and ("DAKOTA NOTE, LLC""), which is lodged in this Court as Adversarial #2018 -        , Debtor GREGORY LAMONT BELCHER ("Belcher" and/or "Plaintiff") by and through his undersigned attorney, hereby alleges as follows…

# EXECUTIVE SUMMARY

**YOUR HONOR:** A disposition hearing was held in this matter on August 30, 2018 regarding the state of the bankruptcy and further request for automatic stay for the Estate; with a subsequent disposition hearing scheduled for September 13, 2018.

On September 13, 2018, it was learned while in court that between the respective disposition hearings, Dakota Note, LLC, the holder of the 2nd Deed on 22000 Dorsey Way, Saratoga, without notice, had foreclosed on the property by Reversion to Beneficiary and then subsequently transferred it by sale on September 11, 2018 to Paul Greenfield with whom they were in motion joinder to dismiss the Belcher bankruptcy estate; and doing so for a value about one quarter of the appraised fair market value of the property.

It is Debtor's contention that this collusive transaction constitutes a fraudulent one as against the Debtor's Estate, having stripped the Estate of almost $1.8 million in equity, rendered the Debtor insolvent, and thwarted any satisfaction for the Estate's unsecured creditors.

## JURISDICTION & VENUE

1. On March 29, 2018, Belcher filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code, which was designated as case number 2018-50909 and up until the acts complained of in this pleading, served as Debtor-in-Possession of the property located at 22000 Dorsey Way, Saratoga, California (the "Property").

2. This Court has jurisdiction as to claims for relief asserted herein under 28 U.S.C. §§1334 and 157; and Venue is proper pursuant to 28 U.S.C. §1409.

3. This adversary proceeding is brought to this Court pursuant to 29 U.S.C. §2201 and Rule 7001 of the F.R.B.P.

4. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. §157 (b)(2)(A) and 28 U.S.C.§157 (b)(2)(J), in that it is a request for an injunction, pursuant to 11 U.S.C. §105, prohibiting the continuation of state court litigation that threatens the effective administration of Plaintiff's reorganization plan.

5. This adversary is further commenced pursuant to 11 U.S.C. §301 (a) and (b), 11 U.S.C §362, 541, 547, 548, and 558 of the Federal Rules of Procedure, Rule 7001 (2), (7) and (9) and Rule 7008, of the Federal Rules of Bankruptcy Procedure.

6. To the extent that this Complaint asserts matters that arise out of this bankruptcy case, but are non-core proceedings, Plaintiff hereby consents to the entry of a final order or judgment by this Court.

## THE PARTIES, DEFENDANTS, & INVOLVED ENTITIES

7. Plaintiff Gregory Lamont Belcher is an orthopedic surgeon who, due to dire life circumstances resulting in severe financial difficulties, filed for Chapter 11 in this the; Property being the Estate's principal asset in regard to the satisfaction of all debt, secured and unsecured.

8. Defendant Dakota Note, LLC (hereinafter "Dakota") is a financial services corporation specializing in real estate debt instruments which is doing business in the State of California.

9. Defendant Paul Greenfield (hereinafter "Greenfield") is real estate investor who is doing business in and a resident of the State of California.

## THE STATE OF FRAUDULENT TRANSFER VIA FORECLOSURE LAW

Previously, the fact that Dakota transferred the Property to its movant mate for a value just slightly more than a quarter of its appraised market value would have been dispositive on the issue of fraudulent transfer. However, with the advent of the Supreme Court's decision in <u>BFP v. Resolution Trust Corp.</u>, 511 U.S. 531, 114 S. Ct. 1757, 128 l. Ed. 2nd 556 (1994), generally speaking, a fair and proper price at foreclosure, or in other words, a reasonably equivalent value, is the price which was received at the foreclosure sale, provided that all the the…other…requirements of a state's foreclosure law have been complied with; id at 537, 114 S. Ct., 1757.

For their part, bankruptcy courts have treated BFP on a somewhat ad hoc basis, giving precedence to state law over BFP's equivalent value principle where it was clear that there had been violations in either the statute or spirit of a state's foreclosure proceedings; See – <u>In re Tracht Gut, LLC</u>, BAP #CC – 13 – 1229 – PaTaD, January 13, 2014.

For instance, the "reasonably equivalent value" principle has no bearing when...

a. The sale or transfer was of a collusive or venal nature.
b. The sale or transfer was not conducted with strict adherence to foreclosure rules and procedures.
c. The sale or transfer price is so low as to shock the conscience.

See – <u>In re Tracht Gut, LLC</u>.

## IN THE MATTER AT HAND

It is Debtor's contention that the transfer to Greenfield is an avoidable one for the following reasons…

10. There was a disposition hearing conducted on the bankruptcy estate and and the property on August 30, 2018 with a subsequent hearing scheduled by the court for September 13, 2018 and although there was no automatic stay in place as of August 30, it was known to the court that written request for further automatic stay was to be filed prior by the Debtor prior to the September 13, hearing.

To wit, the Property was still at issue under the auspices of the court's consideration as well as part of the bankruptcy estate at the time of sale and transfer by the defendants; their having done so without notice to this Court, the U.S Trustee, or the Debtor.

11. 2nd Deed of Trust holder and secured creditor Dakota had been filing motions to dismiss the Debtor's bankruptcy estate since the inception of #18 - 50909. Creditor Greenfield who had been present at in court hearings since just after the inception of 18-50909 filed joinder with Dakota's motion to dismiss last August.

12. On April 24, 2018, in between disposition hearings for the bankruptcy estate, Dakota Note in effect took back the Property by reversion to Beneficiary and then 4 days later, transferred it to Greenfield for a little over ¼ its fair market value; there being no competitive bidding, no attempt to realize highest value of the property, and no notice to this Court, the U.S Trustee, or the Debtor.

13. It is Debtor's contention that under the circumstances as stated, the reversion back to Dakota Note and subsequent sale to Greenfield without notice to anyone, much less this Court, the US Trustee, or the Debtor, constitutes a transfer done under collusion and thus an avoidable one under §548 of the bankruptcy code.

14. In the matter at hand, the defendants' collusive actions have stripped the bankruptcy estate of potentially $1.8 million dollars in equity, have left the unsecured creditors unsatisfied, and have left the debtor insolvent.

Accordingly…

## FIRST CAUSE OF ACTION

## REQUEST FOR TEMPORARY INJUNCTION AS AGAINST GREENFIELD

15. Plaintiff alleges and re-alleges Paragraphs 1 through 14 of this Complaint as though fully restated herein by this reference.

16. The Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. 13 § 105(a). A bankruptcy court has the power to enjoin actions by creditors if the action is "related to" the bankruptcy case, and the proposed action would adversely affect the administration of the estate. **To wit…**

## IRREPERABLE HARM & INJURY

17. In the matter at hand, Debtor respectfully requests a **Protective Order** to halt any Unlawful Detainer action as against the Plaintiff during the pendency of this Adversarial. To obtain a protective order, a party must show that it requires protection from unwarranted annoyance, oppression, or undue expense; **See** – 11 U.S.C. §105 and F.R.B.P. 9018.

18. Greenfield has instituted an Unlawful Detainer action as against the Debtor ( **See** – Exhibit #1 ) and in the absence of injunctive and/or other equitable relief, Belcher and his family will suffer irreparable harm. To wit, Debtor respectfully requests a temporary restraint on any eviction action while the trajectory of this Adversarial is determined by this Court. Furthermore, it would be against the best interests of the bankruptcy estate, the unsecured and general creditors, and public policy to allow the Debtor and his children to be kicked to the curb while this Adversarial is pending in this Court. **In summary**…to obtain a protective order, a party must show that it requires protection from unwarranted annoyance, oppression, or undue expense; See – 11 U.S.C. §105 and F.R.B.P. 9018; and it is Debtor's belief that the possibility of eviction during the pendency of this Adversarial provides sufficient rationale.

## SECOND CAUSE OF ACTION

(Against all Defendants for Declaratory Relief)

19. Plaintiff alleges and re-alleges Paragraphs 1 through 18 of this Complaint as though fully restated herein by this reference.

20. An actual controversy exists betwixt Plaintiff and Defendants as to their legal rights and duties with the Property.

21. No adequate remedy is available other than that prayed for herein by which the rights and duties hereto may be determined.

22. Plaintiff desires a judicial determination as to the rights and obligations of the parties with respect to the Property and the estate and/or causes of action contained herein.

## THIRD CAUSE OF ACTION

(Set Aside and Avoid the Sale and Transfer of the Property Against All Defendants)

23. Plaintiff alleges and re-alleges Paragraphs 1 through 22 of this Complaint as though fully restated herein by this reference.

24. The reversion to Dakota Note and the subsequent sale to Greenfield constitutes a fraudulent transfer of the Property based on collusion which caused the Debtor to become insolvent as result of said transfer.

25. As such, pursuant to 11 U.S.C. Sections 548 and 549, as well as on real estate grounds, including, but not limited to, California Civil Code §3275, the transfer and sale conducted by Defendants should be avoided and set aside.

## FOURTH CAUSE OF ACTION

(Against All Defendants for Unjust Enrichment)

27. Plaintiff alleges and re-alleges Paragraphs 1 through 26 of this Complaint as though fully restated herein by this reference.

28. Defendants would be unjustly enriched, unsecured creditors would be left wholly unsatisfied, and the Plaintiff rendered insolvent as well as irreparably harmed if the sale of the Property was not set aside.

## FIFTH CAUSE OF ACTION

(Set Aside and Avoid the Sale and Transfer of the Property Against All Defendants)

29. Plaintiff alleges and re-alleges Paragraphs 1 through # of this Complaint as though fully restated herein by this reference.

30. By reason of the foregoing, said transfer and sale are voidable pursuant to §548 (a) (1) of the Bankruptcy Code.

## SIXTH CAUSE OF ACTION

(Set Aside and Avoid the Sale and Transfer of the Property Against All Defendants)

31. Plaintiff alleges and re-alleges Paragraphs 1 through 30 of this Complaint as though fully restated herein by this reference.

32. The transfer of the Property from the Debtor's possession to Dakota Note and then to Greenfield was made with collusive intent to hinder, delay, or defraud the Debtor's unsecured and other creditors.

33. By reason of the foregoing, said transfer and sale are voidable pursuant to §550 (a) of the Bankruptcy Code.

1  WHEREFORE…Plaintiff Respectfully Requests…

   A. An **immediate** injunction or Protective order prohibiting Greenfield from Pursuing any Unlawful Detainer action as against the Plaintiff during the pendency of this Adversarial action;

   B. An Order setting aside the transfer and sale of the Property and providing for its return to the bankruptcy estate for 2018-50909; In re Gregory Lamont Belcher.

   C. Re-establishment of the Automatic Stay for bankruptcy 2018-50909.

   D. Other Relief as requested and as this Court deems Necessary.

## VERIFICATION

I, Gregory Lamont Belcher, declare under penalty of perjury that I have read this Adversarial Complaint and that the statements contained herein are true of my own knowledge.

By: /s/ Gregory Lamont Belcher
Gregory Lamont Belcher
Dated: October 6, 2018

Respectfully Submitted,          THE KNIGHT LAW GROUP

By: /s/ Noel Knight
Noel Knight
Proposed Attorney for the Debtor
Gregory Lamont Belcher
Dated: October 10, 2018

# EXHIBITS

1. UNLAWFUL DETAINER COVER SHEET; GREENFIELD v. BELCHER

# SUMMONS
## (CITACION JUDICIAL)
### UNLAWFUL DETAINER—EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)

**SUM-130**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

E-FILED
10/2/2018 12:57 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV335896
Reviewed By: A. Nakamoto
Envelope: 2012630

**NOTICE TO DEFENDANT:** GREGORY BELCHER
*(AVISO AL DEMANDADO):*

DOES I through V, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PAUL GREENFIELD

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

1. The name and address of the court is: Superior Court of the Santa Clara Judicial District,
   *(El nombre y dirección de la corte es):* 191 North First Street,
   San Jose, CA 95113

   **CASE NUMBER:** *(Número del caso):* 18CV335896

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
   *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   Todd Rothbard, Attorney at Law #67351
   100 Saratoga Avenue, Suite 200, Santa Clara, CA 95051
   408-244-4200

3. *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415) [X] did not [ ] did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

Date: 10/2/2018 12:57 PM   Clerk, by   A. Nakamoto , Deputy
*(Fecha)*   Clerk of Court   *(Secretario)*   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

4. **NOTICE TO THE PERSON SERVED:** You are served
   a. [X] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as an occupant
   d. [ ] on behalf of *(specify):*
      under: [ ] CCP 416.10 (corporation)   [ ] CCP 416.60 (minor)
      [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
      [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
      [ ] CCP 415.46 (occupant)   [ ] other *(specify):*
5. [ ] by personal delivery on *(date):*

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Code of Civil Procedure, §§ 412.20, 415.456, 1167
www.courtinfo.ca.gov

E-FILED
10/2/2018 12:57 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV335896
Reviewed By: A. Nakamoto

TODD ROTHBARD #67351
ATTORNEY AT LAW
100 Saratoga Avenue #200
Santa Clara, California 95051
Tel.: (408) 244-4200

Attorney for the Plaintiff

SUPERIOR COURT - LIMITED CIVIL JURISDICTION

COUNTY OF SANTA CLARA, STATE OF CALIFORNIA

PAUL GREENFIELD,

    Plaintiff,

vs.

GREGORY BELCHER, DOES I through V, inclusive,

    Defendants.

No. 18CV335896

COMPLAINT FOR UNLAWFUL DETAINER

(Action based on Code of Civil Procedure Section 1161a)

*UNDER $10,000.00

Plaintiff alleges:

I

Plaintiff is the owner of the real property as to which possession is sought herein.

II

The real property owned by plaintiff, possession of which is sought in this action, is situated at 22000 Dorsey Way, Saratoga, Santa Clara County, California 95070.

III

The true names of defendants named herein as DOES I through V, inclusive, are unknown to plaintiff who therefore sues said defendants by said fictitious names and prays leave to amend this complaint to show the true names as they become known.

IV

On or about September 7, 2018, plaintiff acquired title to said premises at a trustee's sale following foreclosure upon a deed of trust, pursuant to the provisions of Civil Code section

1

UNLAWFUL DETAINER